**RECEIVED**

JUN 2 4 2013

U. S. DISTRICT COURT
E. DIST
ST. LOUIS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## DIVISION

(I')SLA BALLARD

      Plaintiff.

                )      Case No. _____

                )

                )

v.             )      Div No. _____

                )

STATE OF MISSOURI
CITY OF ST. LOUIS
DET. NATHNIEL L. BURKEMPER
DET. CURTIS B. BURGDORF
DET. CRAIG L. ROBERTSON

      Defendants.

### CIVIL RIGHTS COMPLAINT

Plaintiff alleges:

1. Plaintiff *Mr. (I)sla Ballard*, is a citizen of the United States of America and a resident of STL, Mo.

2. Defendants, names DET. NATHNIEL L. BURKEMPER, DET. CURTIS B. BURGDORF, and DET. CRAIG L. ROBERTSON all are police officers of the City of STL, a municipal corporation and governmental division of the State of Missouri; defendants are also residents of such city and state.

3. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution provisions of the United States (Art. IV, U.S. Constitution, Art VI, U.S. Constitution, Art. XIV, U.S. Constitution), and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, 1983 (42 U.S.C.A 1983).

1

4. This court has jurisdiction of this cause under Title 28 of the United States Code, 1343 (28 U.S.C.A. 1343).
5. Each of the acts of defendants alleged in this complaint were done by defendants under the color and pretense of the statues, ordinances, regulations, customs, and usages of the State of Missouri, and the City of STL, and under the authority of their office as police officers for such city and state.
6. On **Jan 2, 2012**, at approximately **10:30 pm**, plaintiff was lawfully standing in the residential apartment complex sidewalk of the parking lot of 4000 Peck Ave, and approximately 30 to 40 feet from his vehicle. At which time and place (8) white Defendant Officers then dressed in all black, approached the plaintiff as he immediately got on the ground, with guns pointed (12) twelve inches from his face. In response to the evident authority of defendants who were not mentioned wearing insignias, and badges of the police department of such city.
7. Then defendant, and arresting officer –Det. Nathaniel L. Burkemper-6623 without any warrant or probable cause handcuffed the plaintiff then stated, *"Do you feel that, that's my gun pointed at the back of your head?"*
8. The (8) white Defendant Officers then led the plaintiff to the inside of an opened and vacant apartment. Defendant Officer Nathaniel L. Burkemper then immediately began to pat search the plaintiff, once Det. Burkemper began to pat the plaintiff's right pocket, he paused after realizing the plaintiff had something in this same pocket.
Det. Burkemper then asked the plaintiff what was in his pocket.
The plaintiff responded that it was his money of $ 3025.00 and a set of vehicle keys.

9. SUB-COUNT 9 (a): BALLARD v. DEFENDANT OFFICERS: Pursuant to 42 U.S.C. 1983           **(Police theft - Money & Vehicle Keys)**
Paragraphs 1 through 35, inclusive of the foregoing are hereby incorporation as if recited in full.
(b).Defendant Officer Burkemper very quickly reached into the plaintiff right pocket and removed his entire payroll of $ 3025.00 (which was wrapped in a bank rubber band) along with his keys and placed both the money and the keys all in the police officer Burkemper's own pocket, very quickly.

2

10. **SUB-COUNT 10 (a) : BALLARD v. DEFENDANT OFFICERS**: Pursuant to 42
    U.S.C. 1983                                 **(Excessive force)**
    Paragraphs 1 through 35, inclusive of the foregoing are hereby incorporation as if recited in full. The Defendant Officers used excessive force in the arrest of Plaintiff Ballard in that:
    (b).Minutes later, the plaintiff asked Det-Officer Nathaniel L. Burkemper where was his $ 3025.00 and vehicle keys? Det. Burkemper hit the plaintiff in his face and stated *"Bitch nigger, you in no position to ask about any money!"* This search was conducted in a violent and abusive manner, during the course of which defendants pulled shoved, and verbally assaulted and abused plaintiff with the intent of humiliating and embarrassing the plaintiff.

11. **SUB-COUNT 11 (a) : BALLARD v. DEFENDANT OFFICERS**: Pursuant to 42
    U.S.C. 1983                                 **(Excessive force)**
    Paragraphs 1 through 35, inclusive of the foregoing are hereby incorporation as if recited in full. The Defendant Officers used excessive force in the arrest of Plaintiff Ballard in that:
    (b).Officer Curtis B. Burgdorf then picked up a piece of wood and used it to hit the plaintiff on his left foot, then kicked the plaintiff in his private area, and stated *" You got anything else to say, punk nigger ?"* This violently beaten happened without provocation from the Plaintiff who was un-armed, with no weapons and who was not resisting to the Defendant Officers.

12. Defendant Officers deprived Plaintiff Ballard of his right to be free of excessive force under the Fourth Amendment to the United States Constitution as enforced through U.S.C. Section 1983.

13. Once the plaintiff was transported to the police station, the same Officer (Burkemper) whom stole the plaintiff's money, car keys, verbally assaulted and abused the plaintiff came inside the holdover-area where the plaintiff was. The plaintiff immediately asked Officer. Burkemper again where was his $3025.00 and car keys? Officer. Burkemper stated to the plaintiff *"Don't fucking worry about no money, and your little police law suit, that's gone too, cause you're going to prison boy, hahaha."* The plaintiff has never discussed any pending federal law suits with the defendants. For the defendants to know of information of a pending federal law suit that has nothing to do with these defendants is very *peculiar.*

14. At approximately 12:30 am Det. Craig L. Robertson (6522) came to the hold-over cell across from the booking desk. Det. Robertson then led the plaintiff outside the cell to be formally booked. The plaintiff then asked Det. Robertson why has the arresting Officer- Nathaniel L. Burkemper not counted his money in front of the plaintiff, instead of taking the money out of the plaintiff's view for (2) two hours ?

3

26. As the Plaintiff began to count his money, he noticed that it was far less money than what Officer Nathaniel L. Burkemper took (stolen). The Plaintiff also noticed that the bank rubber band was removed? Once the Plaintiff finished counting his money, he immediately told Officer Robertson that he had only given him $725.00 yet $2300.00 was missing (STOLEN).

27. The Plaintiff told Officer Robertson that when Officer Burkemper placed the handcuffs on him that the Plaintiff had $3025.00 in his pocket. Now two hours later $2300.00 has been stolen and only $725.00 is being accounted for at the police station while the Plaintiff was being booked.

28. The Plaintiff asked the Defendant Officer Robertson where the rest of the missing $2300.00 of his money was. Defendant Officers Craig L. Robertson stated that he didn't know where the rest of the money was, all he did was retrieve it from Officer Nathaniel L. Burkemper. The Plaintiff told Officer Robertson that he didn't believe Officer Robertson, because he was lying.

29. SUB-COUNT 28 (a): BALLARD v. DEFENDANT OFFICERS: Pursuant to 42 U.S.C. 1983                         (**Malicious Prosecution**)
Paragraphs 1 through 35, inclusive of the foregoing are hereby incorporation as if recited in full. Defendant Officers arrested Plaintiff and initiated criminal proceeding against him to cover-up the fact that the Defendant Officers initiated the assault and has sought to instead charge the plaintiff with assault to justify their action(s) For the Defendant Officers to have come in contact with the Plaintiff.
(b).At the direction of defendants, plaintiff was booked on (false) resisting arrest and assault on police and compelled to submit to fingerprinting and photographing of his person by personnel in the employ of the police department of S.T.L.
(c).Defendant Officers deprived Plaintiff Ballard of his right to be free of malicious prosecution as enforced by 42 U.S.C. 1983.

30. Plaintiff incurred reasonable attorney and legal fees of $7000.00 in connection with illegal arrest.

31. By reason of the conduct of defendants, including plaintiff's unlawful arrest and imprisonment and the injuries sustained as a result, plaintiff was totally unable to attend to the duties of his profession as an under-grad-student and entrepreneurs for a period of approximately (94) days (Jan 2 – April 6, 2012) and sustained damages for loss of earnings during such period [$9000.00].

15. Det. Robertson stated he didn't know why Officer Burkemper didn't count the money in front of the plaintiff instead of taking the plaintiff' money out of his view.

16. The Plaintiff then asked, Officer Robertson where his $3025.00 and vehicle keys, Officer Robertson stated to the Plaintiff, he didn't know where the Plaintiff's money and keys was.

17. There were (2) two unknown witnesses present inside the hold-over cell area during the questioning of Officer Robertson and the stolen money and vehicle keys.

18. The Plaintiff went back in the cell and Officer Robertson left the holdover- area. Minutes later Officer Robertson came back into the holdover-area and handed the plaintiff a form for him to sign. The plaintiff asked Officer Robertson what he was signing. Officer Robertson said, *"The choice if you go home this morning."* Officer Robertson stated to the plaintiff that, *"this wasn't personal"*, but if the plaintiff wanted to go home, then he had to sign the medical form.

19. Officer Robertson left the holdover-area again and came back with money in a bottom clear envelope, with a white label on top of it.

20. The Plaintiff then asked Officer Robertson why he was being arrested. Officer Craig L. Robertson stated he didn't know, because he didn't see the incident.

21. Officer Craig L. Robertson who didn't see the allege incident was the police officer in possession of the Plaintiff's MONEY. In addition, Officer Robertson did an official counting of the money and writing of the official police report.

22. The officers whom where allegedly involved or the officers present did not write the official police report or make an official count of the Plaintiff's money.

23. The Plaintiff asked Officer Robertson why was HE bringing the money and not Officer Nathaniel L. Burkemper, whom was the first officer to take (& STEAL) the money?

24. Officer Craig L. Robertson told the Plaintiff that Officer Nathaniel L. Burkemper was busy and didn't have time to count and inventory the money he took then (STOLE).

25. Officer Robertson then told the Plaintiff to sign his money envelope and property bag. The Plaintiff told Officer Robertson that he needed to count the money before signing anything.

4

Case: 4:13-cv-01192-JCH  Doc. #: 1  Filed: 06/24/13  Page: 6 of 7 PageID #: 6

**32.** The conduct of defendants deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art, XIV, U.S. Constitution).

(b) The right of plaintiff to be informed of the nature and cause of the accusation against him, secured to him under the Sixth and fourteenth Amendments to the Constitution of the United States (Art. VI, U.S. Constitution, Art. XIV, U.S. Constitution); and

(c) The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States (Art, XIV, U.S. Constitution)

- **33.** The act of defendants, were performed knowingly, intentionally and maliciously, by reason of which plaintiff is entitled to an award of punitive damages of Two Million Dollars.

- **34.** The personal injuries, emotional distress and losses of which Plaintiff Ballard complains were the direct and proximate result of said negligence.

**35.** The State of Missouri and the City of St. Louis is liable for the actions and conduct.

WHEREFORE, the Plaintiff claims:

1. Monetary damages of not less than Two Million Dollars;

2. Punitive and actual damages;

3. Attorney fee and cost provided by 42 U.S.C * 1988;

4. Prejudgment interest;

5. Such other relief in law or equity as the court deem appropriately

(I)sla Ballard

BY (I)sla Ballard

## JURY DEMAND

The Plaintiff, Mr. (I)sla Ballard hereby demands a jury trial on all Counts of this Complaint.