UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| (I')SLA BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1192 JCH |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff complaint, as well as his underlying pending criminal case that arises out of the same facts.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure, false arrest, false imprisonment, malicious prosecution and excessive force.  Prior to this case being filed, an underlying criminal case was filed against plaintiff in the City of St. Louis, wherein he was charged with assault, resisting arrest and trespass in the first degree.  The criminal case remains pending, and had a trial date of August 22, 2013.  It appears from the docket posted on Missouri.Case.Net that plaintiff failed to appear on the date of trial and a warrant has since been ordered for his arrest.  See Missouri v. Ballard, No.1222-CR00037.

**Discussion**

In Wallace v. Kato, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." Wallace, 549 U.S. 384, 397 (2007).  The Court observed that "[f]alse

arrest and false imprisonment overlap; the former is a species of the latter." Id. at 388.  The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94.  Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id. at 393 (internal citation omitted).

In this case, plaintiff specifically asserts a claim for false arrest and false imprisonment relating to the events for which he was arrested on January 2, 2012.  He also asserts additional claims under the Fourth Amendment, including claims for excessive force, malicious prosecution and for illegal search and seizure.

It is too early to determine whether a conviction in the criminal case will bar some or all of plaintiff's claims pursuant to the principles of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), but this is a possibility.  See id. at 487 n.6.  However, after careful consideration, the Court finds that the principles established in Wallace v. Kato dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal charges pending against plaintiff are resolved.

Accordingly,

**IT IS HEREBY ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in Missouri  v. Ballard, No.1222-CR00037.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in Missouri v. Ballard, No.1222-CR00037.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 29th day of August, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE