# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| (I')SLA BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV1192 JCH |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to reopen this action. Based on the following, the Court will deny plaintiff's request at this time.

On June 24, 2013, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth Amendment rights against illegal search and seizure, false arrest, false imprisonment, malicious prosecution and excessive force. Prior to filing this action, an underlying criminal case was filed against plaintiff in the City of St. Louis, wherein he was charged with assault, resisting arrest and trespass in the first degree. See Missouri v. Ballard, No. 1222-CR00037.

Pursuant to Wallace v. Kato, 549 U.S. 384, 397 (2007), the Court stayed plaintiff's civil action until his criminal case had concluded. Otherwise, the Court would be likely to "speculate about whether a prosecution will be brought,

whether it will result in conviction, and whether the impending civil action [would] impugn that verdict. . ." Id. at 393. The Court also noted that it was possible that a criminal conviction would bar some or all of plaintiff's civil claims under the principles enunciated in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In the motion to reopen, plaintiff states that "on November 7, 2013, the jury reached their verdict in the underlying criminal case of Missouri v. Ballard, No. 1222-CR00037." Plaintiff asserts that he was found not guilty of assault in the third degree of a police officer, guilty of resisting arrest and guilty of trespass in the first degree.

The Court notes that the time for appealing the jury's verdict has not yet passed. Thus, this matter is not yet available to be reopened under the principles of Wallace v. Kato until the full time for appeal, under Missourri law, has passed.[1]

---

[1] Additionally, as alluded to in the Court's prior Memorandum and Order, a plaintiff may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his criminal conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. at 486-87. Thus, if plaintiff chooses not to appeal his criminal conviction or seek expungement of the conviction through other means, he will not be able to bring a § 1983 lawsuit for damages for false arrest, false imprisonment, etc., given that he has now been convicted of criminal charges relating to that arrest.

Of course, if either plaintiff or the State chooses to appeal the criminal verdict, this matter must continue to be stayed until the final outcome on appeal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this case [Doc. #5] is **DENIED** without prejudice.

Dated this 4th day of December, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE